[340] WILLIAM B. MERRIWETHER VS. WILLIAM LEWIS, ADMINISTRATOR OF JASPER A. SARGENT, DECEASED — Appeal from Fayette County.

Where to a suit upon a joint and several promissory note, the defendant pleaded that he had signed the same only as the security of his co-obligor, then deceased, and that he was only liable in the event of a failure to pay the same by the latter, whose estate he averred to be good for the debt, but charged that the note had never been presented to the representative of the deceased: *Held,* that such plea was no defense to the action, and was bad on demurrer.

The appellee brought suit against the appellant on a note of hand as follows, *i. e.:*

"LA GRANGE, July 1, 1845.

"Twelve months after date, we or either of us, jointly and severally, promise to pay William Lewis, administrator

of Jasper H. Sargent, or bearer, two hundred and twenty dollars for value received.

(Signed)                              " PHILLIP EVERETT.
                                      " W. B. MERRIWETHER."

The defendant pleaded, 1st, a general denial. 2d. That he had only executed the note sued on as security for Everett, then deceased, and that he was only liable as security in the event of the failure of Everett to pay. The defendant averred and charged that the estate of Everett was perfectly good for the debt, but that plaintiff had never presented the said claim or note to the representative of the said Everett. 3d. That the consideration of the note had failed; for that the defendant was advised and believed the said note was given for the purchase of a tract of land for which the said Lewis, as administrator, had no just or legal title, and that the said Lewis, intending to cheat and defraud the said [341] Everett, did offer the said worthless claim of land for sale, and had failed and refused to perfect the title to the same, although he promised and bound himself so to do.

To the 2d and 3d pleas there was a demurrer. The demurrer to the second plea was sustained, and to the third overruled. There was a trial and verdict for the plaintiff. There was no bill of exceptions. The statement of facts sent up shows that the note was given for the purchase money of a bond for title to a tract of land therein specified, given by one O'Daniel to said Sargent, which bond was made part of the testimony in the cause. That the said bond was sold at public outcry by the plaintiff, as administrator of said Sargent, and was purchased by Everett for the price specified in the note; that the bond was then indorsed by the administrator to Everett; that the note was given for the purchase money, the defendant signing the same with Everett as his security; that the bond was sold under an order of the probate court, but this last statement was objected to by the defendant's counsel.

There was a motion for a new trial on several grounds, but the same was overruled.

*Mayfield*, for appellant.
*Gillespie*, for appellee.

Mr. Justice LIPSCOMB, after stating the facts, delivered the opinion of the court.

The evidence, as shown by the statement of facts, fully supports the verdict of the jury. The second plea, overruled on demurrer, was no defense to the action and was correctly demurred out. We see not the least legal ground for bringing the case into this court. The judgment is affirmed with damages for delay.